This motion is to strike out the bill for want of equity. The bill alleges that the Dreamland Park Company owns an amusement park, and that on July 6th, 1922, it entered into an agreement with the complainant to lease to him a certain lot and space of land on the property of Dreamland Park Company, Incorporated, marked on a map of said park as automobile parking space, for five years, with an option for an additional five years, for the purpose of conducting in the park the business of automobile parking. That at the time of the lease there was no map of the park in existence. That it was agreed, however, between himself and the authorized agent of the corporation, that the complainant should be permitted to use any space in Dreamland Park which should thereafter be designated on any map and set aside for parking automobiles. That the complainant should pay to the company fifty per cent. of the gross income. That during the season of 1922 the company set aside a parking space in its park, and that later the parking space was shifted to another part of the park and designated on a map of Dreamland Park as automobile parking space. In the seasons of 1922, 1923 and 1924 the complainant operated the parking spaces and paid to the company its percentage of the gross receipts. That at the beginning of the season of 1925 the company barred him from the parking space and its use. He prays an injunction restraining the company from interfering with his quiet use of the parking space; for an accounting; for a construction of the lease and a determination of his rights thereunder, and for a reformation of the agreement defining the location of the parking space with certainty.
A copy of the lease is annexed to the bill and is made a part of it. It shows that the lease was signed "Dreamland Park Company, by O. Devany, General Manager." *Page 61 
Section 1 of the statute of frauds (Comp. Stat. p. 2621) requires that all leases, except those not exceeding the term of three years, shall have the force and effect of the leases at will only, unless they be in writing, signed by the parties, or their agents, lawfully authorized by writing. It is not alleged that the general manager had authority in writing to sign the lease, and power to bind the company is not to be implied from his position of general manager. Clement v. Young-McShee, 70 N.J. Eq. 677.
The complainant's tenancy at will was not, however, brought to an end by the forcible means used by the defendant. The complainant was entitled to notice terminating his term, and his right of occupancy remains unimpaired. McEowen v. Drake,14 N.J. Law 523; Sayre v. Roseville Motor Co., 85 N.J. Law 10.
The claim of the defendant that the leased premises were not defined with certainty in the lease, and, that it is a nullity, is inadmissible. Though there was no map upon which the parking space was marked at the time the lease was made, and to which it referred, the parties, by their conduct, located the leased premises, first in one place, then another, and they became as fixed and certain as if they had been described in the lease.
There, of course, can be no reformation embodying in the lease the general manager's promise that the leased premises should be the parking space as shown on any map thereafter adopted by the company. The promise as made contemporaneously with the execution of the written agreement, and the latter, prevails. The omission to include it in the written document was not the result of a mutual mistake. Green v. Stone, 54 N.J. Eq. 387.
The complainant's remedy is at law for damages for the invasion of his rights. He is not entitled to an accounting for the income from the parking space, for it appears that the defendant took the income in its own right adversely to and not in right of the complainant. One-half of the net income may form the basis for the measure of damage at law. The law courts have adequate means for ascertaining the income.
 The bill will be dismissed. *Page 62